J-S12020-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
| | :       PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| CORNELIUS BROCKENBROUGH | : |
| | : |
| Appellant | :   No. 2208 EDA 2025 |
| | : |

Appeal from the PCRA Order Entered July 17, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0007278-2009

BEFORE:   McLAUGHLIN, J., SULLIVAN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY SULLIVAN, J.:                    **FILED JULY 21, 2026**

Cornelius Brockenbrough ("Brockenbrough") appeals *pro se* from the order dismissing his third petition filed pursuant to the Post Conviction Relief Act ("PCRA") as untimely.[1]  Because the PCRA court properly determined Brockenbrough failed to plead a timeliness exception, we affirm.

We take the following facts and procedural history from this Court's previous decision affirming the dismissal of Brockenbrough's second PCRA petition:

> In March 2009, Brockenbrough was arrested and charged with first degree murder and possessing an instrument of crime ("PIC") for the strangulation and murder of his long-term girlfriend.  On November 24, 2010, after a jury trial, Brockenbrough was found guilty.  A week later, the trial court

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

sentenced Brockenbrough to a mandatory term of life imprisonment without parole for the murder conviction, along with a concurrent term of two and one-half to five years [of] imprisonment for the PIC conviction. On appeal, we affirmed the judgment of sentence. On March 1, 2013, the Pennsylvania Supreme Court denied Brockenbrough's petition for allowance of appeal.

On September 9, 2013, Brockenbrough filed a *pro se* PCRA petition, claiming (1) trial counsel was ineffective for failing to protect his right to a speedy trial; (2) trial counsel was ineffective for failing to investigate his case; (3) his confession should have been excluded from evidence; and (4) a DNA test would have exonerated him. PCRA counsel was appointed [("first PCRA counsel")] and subsequently filed a petition to withdraw and a *Finley* no-merit letter.[3]

> [3] ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On December 27, 2017, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907, based on PCRA counsel's *Finley* no-merit letter. On March 27, 2018, the PCRA court dismissed the petition and granted counsel leave to withdraw. We affirmed the denial on appeal, and our Supreme Court later denied Brockenbrough's petition for allowance of appeal.

On August 20, 2020, Brockenbrough filed [a second] *pro se* PCRA petition, claiming (1) police misconduct for violating his *Miranda* rights by using coercive tactics to obtain a false confession, (2) prosecutorial misconduct by denying Brockenbrough the right to a fair trial and due process by pursuing a wrongful conviction, and (3) trial counsel ineffectiveness for failing to allow Brockenbrough to testify at trial. The PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. On November 19, 2021, the PCRA court dismissed the petition.

- 2 -

***Commonwealth v. Brockenbrough***, No. 2486 EDA 2021, 2022 WL 2554794 at *1 (Pa. Super. 2022) (non-precedential memorandum) (some footnotes omitted).

Brockenbrough filed the instant *pro se* PCRA petition on August 16, 2024. The PCRA court filed a Rule 907 notice of intent to dismiss on May 28, 2025, and dismissed the petition on July 17, 2025. This appeal followed on August 12, 2025. Brockenbrough and the PCRA court complied with Pa.R.A.P. 1925.

Brockenbrough raises the following issue for our review:

> Whether the PCRA court erred in dismissing [Brockenbrough's] post conviction petition . . . alleging the March 27, 2018, order dismissing his timely first petition should be vacated to correct the court's error in accepting counsel's insuff[i]cient no-merit letter?

Brockenbrough's Brief at 3 (some capitalization omitted).

Our standard of review of an order dismissing a PCRA petition is well-settled:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

***Commonwealth v. Staton***, 184 A.3d 949, 954 (Pa. 2018) (internal citation and quotations omitted).

Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010); *see also Commonwealth v. Woolstrum*, 271 A.3d 512, 513 (Pa. Super. 2022) (providing "[i]f a PCRA petition is untimely, courts lack jurisdiction over the petition") (internal citations omitted). The PCRA's one-year time bar applies to claims of ineffective assistance of PCRA counsel. *See Commonwealth v. Stahl*, 292 A.3d 1130, 1136 (Pa. Super. 2023).

Pennsylvania courts may nevertheless consider an untimely PCRA petition if the petitioner can plead and prove one of three exceptions set forth in section 9545(b)(1)(i)-(iii), and he filed his PCRA petition invoking a timeliness exception within one year of the date the claim could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(2).[2] "[E]xceptions to the time bar must be pled in the PCRA petition, and may not be raised for the first time on appeal." *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007) (internal citations omitted); *see also* Pa.R.A.P. 302(a) (providing that

_____

[2] The three statutory timeliness exceptions are the "governmental interference" exception, *see* 42 Pa.C.S.A. § 9545(b)(1)(i), the "newly discovered facts" exception, *see* 42 Pa.C.S.A. § 9545(b)(1)(ii), and the "new constitutional right" exception, *see* 42 Pa.C.S.A. § 9545(b)(1)(iii).

"[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal"). "Whether a petitioner has carried his burden is a threshold inquiry that must be resolved prior to considering the merits of any claim." *Commonwealth v. Robinson*, 139 A.3d 178, 186 (Pa. 2016).

Following our review, we discern no error in the PCRA court's decision to dismiss Brockenbrough's petition as untimely. Brockenbrough's convictions became final in May of 2013, ninety days after our Supreme Court denied his petition for allocatur on direct appeal. *See* 42 Pa.C.S.A. § 9545(b)(1), (3); *see also* U.S. Sup. Ct. R. 13. The instant PCRA petition, filed in August 2024, was facially untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Therefore, Brockenbrough had the burden of pleading and proving a PCRA timeliness exception. *See Robinson*, 139 A.3d at 186.

Brockenbrough concedes in his brief that he "did not plead any timeliness exception in his PCRA petition, nor does he argue their applicability before this Court. Instead, he maintains that the PCRA [c]ourt had inherent power to correct its error in accepting [first] PCRA counsel's insufficient no-merit letter." Brockenbrough's Brief at 10 (citing *Commonwealth v. McGee*, 302 A.3d 659 (Pa. 2023)); *see also* PCRA Petition, 8/16/24, at 5 (stating he does not plead a timeliness exception and relies on the trial court's inherent power to correct errors under 42 Pa.C.S.A. § 5505).[3] Thus, Brockenbrough

---

[3] Our Supreme Court in *McGee* specifically stated it *did not* "reach the question of whether a trial court's inherent authority to correct patent and
*(Footnote Continued Next Page)*

neither asserted nor established any timeliness exception to consider his facially untimely petition, and the PCRA court properly dismissed his petition for lack of jurisdiction. **See Woolstrum**, 271 A.3d at 513.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/21/2026

_____

obvious errors in the record is subject to the time limitations of the PCRA."
**McGee**, 302 A.3d at 670. Brockenbrough has failed to explain why accepting first PCRA counsel's no-merit letter constitutes a patent and obvious error allowing for the exercise of inherent authority, or why it would excuse him from complying with the PCRA's timeliness requirements. **Cf. Commonwealth v. Whiteman**, 204 A.3d 448, 451 (Pa. Super. 2019).